# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **JOHNNY SURGENER** | **CIVIL ACTION NO. 6:15-CV-103-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| Defendant. | |

\* \* \* \* \* \* \*

The plaintiff Johnny Surgener brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Surgener's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Surgener has not engaged in substantial gainful activity since June 4, 2012, the date he applied for benefits. (Administrative Record ("AR") at 54.)

At step two, the ALJ determined that Surgener suffers from the following severe impairments: Borderline Intellectual Functioning, depression, and anxiety. (AR at 56.)

At step three, the ALJ found that Surgener did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 57.)

Before proceeding to step four, the ALJ determined that Surgener had the residual functional capacity (RFC) to perform "a full range of work at all exertional levels with simple, repetitive instructions and tasks requiring only casual and infrequent contact with supervisors and coworkers, gradual changes in routine, and no fast-paced or high stress demands entailing production rate or quota requirements." (AR at 60.)

At step four, the ALJ found that, Surgener had no past relevant work. (AR at 65.)

At step five, the ALJ determined that, given the RFC described above, Surgener can perform jobs that exist in significant numbers in the national economy and, thus, he is not disabled. (AR at 65.)

**ANALYSIS**

Surgener makes two specific objections to the ALJ's opinion. First, he argues that the ALJ erred in finding that his back pain was not severe. Pursuant to the regulations, upon determining that the claimant has any severe impairment, the ALJ must continue with the remaining steps in his disability evaluation. *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). "Thus, so long as the ALJ considers all of the individual's impairments, the failure to find additional severe impairments does not constitute reversible error." *See Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (unpublished opinion). Because the ALJ found that Surgener had at least one severe impairment, he proceeded to steps three through five of the

analysis. "It then became "legally irrelevant" that the ALJ did not find Surgener's back pain to be severe. *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008).

Nevertheless, the ALJ must have actually considered the cumulative effect of all of the claimant's impairments, severe and not severe, in assessing the claimant's RFC. *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir.2009); *Fisk v. Astrue*, 253 F. App'x 580, 583–584 (6th Cir. 2007). The ALJ considered Surgener's back pain in assessing his RFC. The ALJ gave great weight to the findings of Dr. Nathan Hill, who examined Surgener in June 2012 and opined that Surgener is generally able to perform activities that involve sitting, standing, moving about, and handling objects and should not have any "great difficulty with any strenuous activity." (AR at 56, 64.) The ALJ also gave great weight to the opinion of Dr. Carlos Hernandez who opined that Surgener's physical conditions were not severe. (AR at 56, 64, 120.) Considering this evidence, the ALJ determined that there was no objective medical evidence to support a finding of anything more than "slight physical abnormality or more than minimal physical limitations." (AR at 64.)

In his motion for summary judgment, in support of his argument that his back pain is severe, Surgener relies on medical evidence from 2006. The ALJ found that Dr. Hill's examination in June 2012, however, "failed to corroborate a persistence of any of the findings recorded in 2006; but instead show normal ranges of motion throughout as well as normal extremity strength 5/5, normal sensation, normal reflexes 2+, and normal posture and gait." (AR at 56.)

Surgener further argues that the ALJ erred in failing to consider the diagnosis of Schizoid Personality Disorder by privately retained psychological examiner Reba Moore and by consultative examiner Michelle Amburgey. The ALJ, however, considered both of these opinions. He gave little weight to Moore's opinion that Surgener had suffered "substantial loss of

3

ability" to interact with the public, coworkers and supervisors. The ALJ discounted Moore's opinion, finding that it was premised on Moore's perception that Surgener is "likely to have little apparent interest or investment in social interactions." The ALJ reasonably found that this finding "may speak to claimant's preference; but not his ability." (AR at 64.) As to Amburgey, she opined that Surgener is able to comprehend and follow through with basic instructions but is expected to have difficulty relating to supervisors and co-workers and would not adapt well to change. As the ALJ explained, the RFC is consistent with Amburgey's opinion. The RFC requires "only casual and infrequent contact with supervisors and coworkers, gradual changes in routine, and no fast-paced or high stress demands entailing production rate or quota requirements."

Further, the ALJ reasonably gave greater weight to the three doctoral level state agency psychological consultants finding their assessments "more detailed, functionally specific and consistent with [the] weight of the total evidence of record." (AR at 64.) As the ALJ explained, the three consultants all agreed that Surgener has "some moderate difficulties and limitations in mental functioning" but was "fully capable of recalling and sustaining attention toward the completion of simple, repetitive work procedures and instructions for two hours segments over an eight hour work day" and "working with others but performing best in settings that require minimal social interaction, especially with unfamiliar persons; and able to adapt to simple/gradual changes in the work environment but having difficulty appropriately responding to changes in high-stress and fast-paced work environments." (AR at 63-64.)

Finally, Surgener makes a general objection that the ALJ's opinion is not supported by substantial evidence. Such an objection is not "sufficiently specific to focus the district court's

4

attention on the factual and legal issues that are truly in dispute." *Wyatt v. Barnhart*, 190 F. App'x 730, 732 (10th Cir. 2006) (quotations and citation omitted).

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **DENIED**;

2. The defendant's motion for summary judgment (DE 11) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 13, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY